The opinion of the Court was delivered by
Whitner, J.
The proceeding by suggestion under our rule of Court, was intended to secure a ready and consistent remedy against defaulting sheriffs. In such a proceeding, however, although conducted in the name of the State of South-Carolina, the party for whose benefit it is prosecuted must also appear. There is, in this case, an apparent complication, from the introduction of other interests than those truly represented by the record. This Court can only regard the case made by A. P. Lumpkin, in his own behalf — he cannot be permitted to espouse the cause of others, however well grounded their complaints.
As the assignee of the judgment of N. A. Peay, or as a purchaser previous to the sale by sheriff, he claims a recovery for an alleged default of this officer.
For the purposes of this inquiry it may be conceded, that this plaintiff has succeeded to all the rights of N. A. Peay as a judgment creditor, and that Yongue, the defendant, was in default, according to the requisition of the A. A. 1839, in not having resold the land on the same or next succeeding sale day. In what way was Peay aggrieved by this official default, committed anterior to his judgment? If the purchaser had complied *328 with his bid, or if the land had been resold at his risk and the difference paid, the existing judgments would have been satisfied and the residue returned to the defendant in execution, Thomas Lumpkin. The parties to be affected, therefore, by this transaction, and consequently, entitled to complain, were the defendant in execution and the creditors claiming the proceeds of the sale, neither of whom is before the Court. If it be true, then, that an exact compliance with the law, whether by the bidder, or by the sheriff, could not have operated beneficially to this plaintiff, I do not perceive how the alleged official delinquency of the sheriff, can be held to have been prejudicial to him. An attempt to trace consequences so remote, would admit a range of inquiry that must at last end in conjecture, and lead to no satisfactory result.
As well might a creditor, whose suit had not been instituted, seek a recovery because of loss resulting from the depreciation of the property of his debtor, from some casualty or the-fluctuations of trade, which might have been avoided if some delinquent sheriff had previously cleared his office of existing executions by sales at an earlier day. The fact that this plaintiff has stepped into the shoes of a subsequent judgment creditor, long after all the occurrences of which he complained, has at least not strengthened his right to the remedy sought.
As a purchaser at private sale anterior to the sale by Sheriff Yongue, the plaintiff can address himself to this Court by way of suggestion with as little success. By deed for a valuable consideration with a general warranty, it is said, he had acquired a title to this land. When he shall choose to contest, with the subsequent purchaser at sheriff’s sale, his title to the land, or to seek a recovery on his warranty, against Thomas Lumpkin, his legal remedies arising from these sources can be inquired into. To one or the other, it would seem, a law Court must refer him.
This Court concurs entirely with the Judge on circuit, that a case was not made on the part of the plaintiff with which to go to the jury. This being a suggestion, after judgment already recovered, on a sheriff’s bond, under the 75th rule of Court, as *329 a matter of practice it has been considered, that a better order would have been to quash the proceeding. The same end having been attained in this case, the motion is dismissed.
O’Neall, Wardlaw, Frost, Withers and Glover, JJ., concurred.

Motion dismissed.